P. D. Bowlen, (Alleged) Transferee, Toronto Texas Syndicate v. Commissioner.
Bowlen v. Commissioner
Docket No. 5413.
United States Tax Court
1945 Tax Ct. Memo LEXIS 230; 4 T.C.M. (CCH) 394; T.C.M. (RIA) 45133; April 18, 1945
*230 J. Marvin Kelly, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: This proceeding involves deficiencies determined against petitioner as transferee in the amounts and for the years set forth in the following table: Declared Value
Income
25%
Excess Profits
25%
Year
Tax
Penalty
Interest
Tax
Penalty
Interest
1932
$ 198.41
$ 49.60
$ 129.03
None
None
None
1933
330.94
82.74
195.36
$ 120.34
$ 30.08
$ 71.04
1934
864.13
216.03
458.27
314.23
78.56
166.64
1935
341.81
85.45
160.76
124.30
31.08
58.46
1936
204.82
51.21
84.04
111.72
27.93
45.84
1937
385.32
96.33
134.98
210.17
52.54
73.63
1938
250.90
62.72
72.84
158.46
39.62
46.00
1939
144.16
36.04
33.20
91.05
22.76
20.97
1940
141.98
35.50
24.18
78.09
19.52
13.30
1941
181.04
45.26
19.97
79.66
19.92
8.79
1942
2,968.81
742.20
149.41
1,152.60
288.15
58.00
Totals
$6,012.32
$1,503.08
$1,462.04
$2,440.62
$610.16
$562.67
On November 29, 1944, an order was entered herein granting respondent's motion of October 30, 1944, to require that the undenied allegations of fact contained in his *231 answer be deemed to be admitted pursuant to Rule 18 of the Tax Court's Rules of Practice. When this proceeding was called for hearing pursuant to notice there was no appearance on behalf of petitioner. Consequently, in the absence of any countervailing evidence and based upon the undenied allegations in respondent's answer, the record warrants the following, Findings of Fact 1. In the year 1942 the Toronto Texas Syndicate sold its oil and gas properties in Rusk County, Texas, its sole assets located in the United States, to C. R. Starnes and others of Gladewater, Texas. The proceeds from such sale were received by P. D. Bowlen, the petitioner herein. 2. The money paid for said oil and gas properties was received by P. D. Bowlen from the purchaser, or was transferred by Toronto Texas Syndicate to P. D. Bowlen. 3. The money received by P. D. Bowlen from Toronto Texas Syndicate, representing the proceeds from the sale of such gas and oil properties, was in excess of the taxes and penalties assessed by respondent against petitioner as transferee of the assets of Toronto Texas Syndicate for the taxable years here involved. 4. The transfer of its assets, or cash, by Toronto Texas *232 Syndicate to P. D. Bowlen rendered it insolvent and left it without assets of any kind from which the tax liability and penalties asserted by the Commissioner for the taxable years involved could be collected or paid. 5. The transfer of assets, or cash, by Toronto Texas Syndicate to the petitioner, P. D. Bowlen, was made without any consideration being paid by him. 6. Since the transfer of assets, or cash, by Toronto Texas Syndicate to petitioner in 1942, the syndicate has had no further income and possessed no assets of any kind from which the tax liability and penalties involved could be collected. 7. The deficiences in tax and penalties, plus interest, which the respondent has assessed against the petitioner as transferee of Toronto Texas Syndicate have never been paid or collected and still remain outstanding. On the strength of the findings so made, Decision will be entered for the respondent.